IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORI A. BAZEMORE,              ) | |
|                                ) | |
|           Plaintiff,           ) | |
|                                ) | |
| vs.                            ) | |
|                                ) | Case No.    CIV-11-809-R |
| MICHAEL J. ASTRUE,             ) | |
| Commissioner of the Social     ) | |
| Security Administration,       ) | |
|                                ) | |
|           Defendant.           ) | |

## REPORT & RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff filed her application for DIB on October 7, 2008 and her application for SSI on September 8, 2009, alleging a disability beginning September 26, 2008 (TR. 14). These applications were denied on initial consideration and on reconsideration at the administrative level (TR. 14). Pursuant to Plaintiff's request, a hearing *de novo* was held

before an ALJ on December 14, 2009 (TR. 23-73). At the hearing Plaintiff testified in support of her applications (TR. 27-47). A vocational expert (VE) testified at the request of the ALJ (TR. 54-60, 61-62). The ALJ issued his decision on April 7, 2010 finding that Plaintiff was not entitled to DIB or SSI (TR. 14-22). The Appeals Council denied the Plaintiff's request for review on May 17, 2011, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 3-5).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## THE ADMINISTRATIVE DECISION

In addressing the Plaintiff's disability applications, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from his onset date so the process continued (TR. 17). At step two, the ALJ concluded that Plaintiff had the following severe impairments: status post right arthroscopy secondary to right rotator cuff tear with impingement syndrome, right A/C arthrosis, left A/C arthrosis, and depression disorder NOS (TR. 18). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) as a data entry clerk (TR. 20). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 21). The ALJ also made an alternative finding at step five that "Even if the claimant is found to be unable to perform her past relevant work as a data entry clerk, she must be found 'not disabled' at step 5" (TR. 20).

## ISSUES PRESENTED

On appeal to this Court, Plaintiff alleges that the ALJ (I) failed to perform the proper analysis when determining Plaintiff could perform her PRW; and (II) erred at step five in relying on the Medical Vocational Guidelines (Grids) as a framework for decision making without obtaining VE testimony.

**ANALYSIS**

**I.     Step Four**

Plaintiff alleges that the ALJ erred by failing to conduct a proper analysis at step four (See Plaintiff's Brief at pages 4-7). At step four, *Social Security Regulation 82-62* requires an ALJ to develop the record with respect to a claimant's PRW.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
> . . . .
> [D]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.  This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.  Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

*Soc. Sec. Rep. Serv., Rulings 1975-1982, SSR 82-62 (West 1982)*. The ALJ must make specific factual findings detailing how the requirements of claimant's PRW fit the claimant's current limitations. The ALJ's findings must contain:

> 1.     A finding of fact as to the individual's RFC.
> 2.     A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.     A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994); *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993).

Here, the ALJ found that Plaintiff had the RFC to perform semi-skilled light and sedentary work, subject to certain limitations (TR. 18). Plaintiff claims that the ALJ erred by not making specific findings regarding the demands of her PRW as a data entry clerk (See Plaintiff's Brief at page 4). As to Plaintiff's PRW the ALJ found

> The vocational expert testified that the claimant's past relevant work as a data entry clerk falls within the definitions of semi-skilled, sedentary work. Although the claimant is limited in her ability to perform overhead work and lifting, she retains to [sic] ability to perform sedentary repetitive gross and fine manipulations and other repetitive sedentary functions at or below the shoulder level. The undersigned is convinced that for no period of 12 continuous months has [sic] the demands and requirements of the claimant's past relevant work as a data entry clerk exceed [sic] her residual functional capacity

(TR. 20, 54-55). In addition to the testimony of the VE, the ALJ relied upon the work history provided by the Plaintiff (TR. 160-162). The ALJ stated that he considered all evidence in the record and the record contains substantial evidence of the physical demands of Plaintiff's PRW (TR. 14).

Although specific findings were made regarding the physical demands of Plaintiff's PRW, the ALJ's decision is utterly silent on the mental demands of Plaintiff's PRW.

> [w]hen the claimant has a mental impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

*Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir.1996) (citations omitted). Here, even though the ALJ found Plaintiff's depression to be a severe impairment, he did not

5

develop any evidence regarding the mental demands of her PRW, either as she did it or as it is typically performed in the national economy (TR. 18). Also, the VE did not testify about the mental demands of Plaintiff's PRW, and Plaintiff's work history report says nothing about that issue (TR. 160-161). The ALJ's conclusory statement is insufficient under *Winfrey* to discharge his duty to make findings regarding the mental demands of Plaintiff's PRW (TR. 20). *See Frantz v. Astrue,* 509 F.3d 1299, 1303-1304 (10th Cir. 2007) (remanding for "fail[ure] to determine and then make findings regarding the mental demands of [the claimant's] past relevant work"). The ALJ's error is particularly glaring in light of his finding that Plaintiff experienced "mild to moderate difficulties of maintaining concentration, persistence, and pace…" (TR. 20). On remand the Commissioner should make specific findings as to the mental demands of Plaintiff's PRW in accordance with *Winfrey*.

## II.   Step Five

The Commissioner's error at step four has tainted his alternative step five findings, and thus Plaintiff's remaining assertions of error will not be discussed. The undersigned does agree with Plaintiff that the VE's testimony is "very confusing and, when read in its entirety, actually supports" Plaintiff's claim (See Plaintiff's Brief at page 8). On remand, the Commissioner should ensure that both the questions posed by the ALJ to the VE and VE's testimony are comprehensible.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties,

the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 27, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 6th day of August, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE